## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AEGIS LAW GROUP LLP,       )               )
                           )

        *Plaintiff,*        )

                           )    Civil Action No. 1:26-cv-1056

     v.                  )

                           )

AEGIS LAW, LLC,        )               )

                           )

        *Defendant.*     )
_____  )

## COMPLAINT

Plaintiff Aegis Law Group LLP ("Plaintiff"), by and through its undersigned counsel, alleges the following against Aegis Law, LLC ("Defendant"):

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin, unfair competition, and related relief arising from Defendant's use of a mark confusingly similar to Plaintiff's long-used law mark in connection with substantially identical legal services.

2.     For more than two decades, Plaintiff has used the mark AEGIS LAW GROUP LLP in commerce in connection with providing legal services—including, without limitation, civil litigation, compliance and internal investigations, and criminal defense—and has developed substantial goodwill and recognition of the AEGIS LAW GROUP LLP mark in the District of Columbia and through its interstate practice.

3.     More than a decade after Plaintiff began using its name, Defendant entered the market and began offering overlapping legal services under the confusingly similar name and mark AEGIS LAW, LLC (the "Infringing Mark") first in Pennsylvania around 2013.  A number of years later—and in no event later than January 2026–Defendant began using the Infringing Mark in connection with promoting and providing legal services in the District of Columbia.

4.      Defendant's use of the Infringing Mark is likely to cause confusion, mistake, and deception as to the source, affiliation, sponsorship, or association of Defendant's legal services with legal services provided by Plaintiff.

5.      Prior to filing this action, Plaintiff notified Defendant of its rights and demanded that Defendant cease and desist using the Infringing Mark.  A few hours later, Defendant flatly refused.  Plaintiff therefore brings this action to protect its common-law trademark and trade name rights, prevent further consumer confusion, and obtain injunctive and other appropriate relief.

## PARTIES

6.      Plaintiff Aegis Law Group LLP is a limited liability partnership owned by Paul C. Rauser and Michael K. Ross.  Mr. Rauser is a citizen of the District of Columbia, and Mr. Ross is a citizen of Virginia.

7.      Upon information and belief, Defendant is a limited liability company registered in Pennsylvania and solely owned by Nigel S. Scott, a citizen of Pennsylvania.  Defendant's principal place of business is in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees.

9.      This Court also has subject-matter jurisdiction under 28 U.S.C. § 1338(a) because this action includes claims arising under 15 U.S.C. § 1125.

10.      This Court has personal jurisdiction over Defendant because Defendant holds itself out as operating in the District of Columbia, including by listing a District of Columbia office on its website, and because Mr. Scott is admitted to practice in the District of Columbia.

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial District, including Defendant's use of the Infringing Mark in the District of Columbia.

## FACTUAL ALLEGATIONS

**A.  Plaintiff and Its Longstanding Use of the AEGIS LAW GROUP LLP Mark**

12.     Plaintiff was formed in the District of Columbia in or about March, 2003 by Paul C. Rauser, Michael K. Ross, and two other individuals.

13.     Plaintiff began providing legal services to clients on May 1, 2003, from its office in the District of Columbia.  Continually since then, Plaintiff has used its AEGIS LAW GROUP LLP mark in connection with the provision of legal services to hundreds of clients throughout the United States and abroad.

14.     Plaintiff's practice areas, as advertised on its website, include civil litigation and arbitrations, internal investigations, and white-collar criminal defense.[1]

15.     Although Plaintiff has never federally registered its AEGIS LAW GROUP LLP mark, it has used that mark continuously since May 1, 2003 in advertising, client communications, legal filings, professional communications, and other commercial activities in connection with the offering and rendering of legal services.

16.     Although Plaintiff's sole office is located in the District of Columbia, Plaintiff's practice extends well beyond the District of Columbia.

17.     Plaintiff is currently comprised of approximately ten (10) attorneys.  Each of its attorneys is admitted to practice in at least one jurisdiction outside the District of Columbia, including Virginia, Maryland, New York, California, Texas, Illinois, and the State of Washington.

---

[1] *See* https://www.aegislawgroup.com/practice-areas.

18.     In addition, Plaintiff frequently represents clients in connection with matters outside those jurisdictions in conjunction with local counsel, including throughout the East Coast of the United States and in the Commonwealth of Pennsylvania.

19.     Since 2011, Plaintiff has represented clients in connection with at least a half dozen civil litigation matters pending in the state and federal courts of Pennsylvania.

20.     At the time of the filing, approximately 70-80% of Plaintiff's matters arise outside of the District of Columbia.

21.     Through its continuous and widespread use of its AEGIS LAW GROUP LLP mark since 2003, Plaintiff has developed substantial goodwill, recognition, and reputation in that trade name and service mark among actual and prospective clients and other law firms and attorneys.

22.     Consequently, Plaintiff owns valuable common-law rights in AEGIS LAW GROUP LLP as a trade name and service mark.

**B.  Defendant's Entry into the Same Market Using a Confusingly Similar Name**

23.     The sole owner of Defendant, Mr. Scott, was admitted to practice in Pennsylvania on December 2, 2011.

24.     Upon information and belief, in or around February 2012, Defendant began offering legal services in Pennsylvania using the Infringing Mark.

25.     Shortly thereafter, on February 26, 2013, Mr. Scott registered the Infringing Mark "Aegis Law, LLC" in Pennsylvania.

26.     Mr. Scott was later admitted to the District of Columbia bar on March 9, 2020.

27.     At some point in time after obtaining a District of Columbia law license—and in no event later than January 2026—Defendant began offering legal services in the District of Columbia using the Infringing Mark.

28.     Upon information and belief, Defendant offers legal services that overlap directly with Plaintiff's services.

29.     On its website, Defendant lists practice areas that include, among others, criminal civil litigation, business law, and criminal defense.[2]

30.     In addition, Mr. Scott's LinkedIn profile identifies civil litigation, contract law, and compliance as among the firm's primary areas of focus, and also references commercial law and criminal defense among its other practice areas.[3]

### C. Likelihood of Confusion

31.     Defendant's use of the Infringing Mark in connection with overlapping legal services is likely to cause confusion, mistake, and deception among clients and prospective clients.

32.     The parties' names are highly similar in appearance, sound, meaning, and overall commercial impression.

33.     The parties operate in overlapping geographic markets and provide substantially similar legal services to overlapping classes of consumers.

34.     Because the parties offer similar legal services under confusingly similar names in the same market, consumers are likely to mistakenly believe that Defendant is affiliated, associated, sponsored, approved, or otherwise connected with Plaintiff.

35.     Defendant's continued use of the Infringing Mark is likely to cause confusion among actual and prospective clients of Plaintiff if permitted to continue.

### D. Plaintiff's Notice to Defendant and Defendant's Refusal to Cease and Desist

36.     Plaintiff first learned of Defendant's use of the Infringing Mark in January 2026. On February 5, 2026, Plaintiff sent Defendant via email and overnight courier a cease-and-desist

---

[2] *See* https://www.aegis-law.com/practice-areas.
[3] *See* https://www.linkedin.com/in/amdgesquire/.

5

letter demanding that Defendant stop using the Infringing Mark.

37.    The letter notified Defendant of Plaintiff's prior use of, and rights in, the mark AEGIS LAW GROUP LLP.  A few hours later, Defendant responded that it intended to continue using the Infringing Mark, and in fact has done so since then

38.    Defendant's continued use of the Infringing Mark after receiving Plaintiff's cease-and-desist letter constitutes willful and deliberate disregard of Plaintiff's valuable rights in the AEGIS LAW GROUP LLP mark.

39.    Defendant's conduct has caused, and unless restrained will continue to cause, confusion, mistake, and deception in the marketplace.

40.    Defendant's conduct has damaged and threatens further damage to Plaintiff's goodwill, reputation, and ability to control the commercial impression associated with its AEGIS LAW GROUP LLP mark, which it has used continuously in interstate commerce since May 1, 2003.

41.    Unless enjoined by this Court, Defendant's continued use of the confusingly similar Infringing Mark will continue to cause harm to Plaintiff.

### COUNT I
### False Designation and Unfair Competition in Violation of 15 U.S.C. § 1125(a)

42.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

43.    Although unregistered, Plaintiff, through its longstanding, continuous, and exclusive use of the AEGIS LAW GROUP LLP mark in connection with providing legal services, has developed and owns valid and protectable common-law rights in AEGIS LAW GROUP LLP as a trade name and service mark.

44.    Plaintiff was the first to use the mark AEGIS LAW GROUP LLP, or any variant of it, in the relevant market and therefore holds priority over any later user.  Through Plaintiff's use

6

of that mark continuously since May 1, 2003, it has acquired distinctiveness and identifies Plaintiff as the source of its legal services in the marketplace.

45. Defendant has used, and continues to use, the Infringing Mark in commerce in connection with providing legal services, including, but not limited to, in the District of Columbia legal market.

46. The Infringing Mark is confusingly similar to the AEGIS LAW GROUP LLP mark in appearance, sound, meaning, and overall commercial impression.

47. Defendant's use of the Infringing Mark is likely to cause confusion, mistake, and deception among actual and prospective clients of Plaintiff as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's services.

48. The likelihood of confusion is heightened because the parties offer overlapping legal services in overlapping geographic markets, including, but not limited to, the District of Columbia and the Commonwealth of Pennsylvania.

49. Defendant's conduct has already caused actual confusion, as evidenced by a client inquiry made to Plaintiff concerning Defendant and its Infringing Mark.

50. By reason of the foregoing, Defendant has engaged in false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

51. Plaintiff notified Defendant of Plaintiff's rights in the AEGIS LAW GROUP LLP mark and demanded that Defendant cease and desist from using the Infringing Mark, but Defendant refused and has continued using the Infringing Mark in interstate commerce.

52. Defendant's continued use of the Infringing Mark after receiving notice of Plaintiff's rights has been knowing, willful, and in disregard of Plaintiff's rights.

53.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer injury to its goodwill, reputation, and ability to control the commercial impression associated with its AEGIS LAW GROUP LLP trade name and mark. Plaintiff is therefore entitled to injunctive relief and all other relief available under law.

54.     Unless enjoined by this Court, Defendant will continue to engage in the foregoing acts, and Plaintiff will continue to suffer irreparable harm and other damages.

## COUNT II
## Common Law Trademark Infringement and Unfair Competition

55.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

56.     Under District of Columbia common law, Plaintiff has valid and protectable rights in the AEGIS LAW GROUP LLP mark—including as a trade name identifying Plaintiff's business—by virtue of Plaintiff's prior, continuous, and longstanding use of that mark in connection with legal services since May 1, 2003.

57.     Through that use in the District of Columbia and the surrounding geographic region, Plaintiff has developed substantial goodwill in the AEGIS LAW GROUP LLP mark.

58.     Defendant adopted and has used, and continues to use, the Infringing Mark in connection with legal services that overlap with Plaintiff's services.

59.     Defendant's use of the Infringing Mark is likely to cause confusion, mistake, and deception as to whether Defendant or Defendant's services are affiliated, associated, sponsored, approved, or otherwise connected with Plaintiff.

60.     Defendant's conduct has caused actual confusion in the marketplace, as evidenced by a client inquiry directed to Plaintiff concerning Defendant.

61.     Defendant continued using the confusingly similar Infringing Mark after receiving actual notice of Plaintiff's rights.

62.     By reason of the foregoing, Defendant's conduct constitutes common-law trademark infringement, trade name infringement, and unfair competition under District of Columbia law.

63.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer injury to its goodwill, reputation, business identity, and ability to control the commercial impression associated with its longstanding use of AEGIS LAW GROUP LLP as a trade name and mark.

64.     Unless enjoined by this Court, Defendant's wrongful and unlawful conduct will continue to cause Plaintiff irreparable harm, and Plaintiff is entitled to injunctive and other appropriate relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and award the following relief:

A.     A permanent injunction prohibiting Defendant, and all persons acting in concert with it, from using the mark AEGIS LAW, LLC or any other confusingly similar name, mark, or variant in any form in the District of Columbia or elsewhere nationwide.  Specifically, Plaintiff requests an order requiring Defendant to cease all use of AEGIS LAW, LLC (or any variant thereof) as a firm name, trade name, or other source identifier in connection with legal services in a manner likely to cause confusion with Plaintiff's practice;

B.     An order requiring an accounting of Defendant's profits resulting from Defendant's infringement, and awarding Plaintiff all damages available under 15 U.S.C. §§ 1117(a) and 1125(a), including disgorgement of Defendant's unjust profits attributable to its unlawful use of the Infringing Mark, treble damages, and Plaintiff's reasonable attorneys' fees and litigation costs

(including any expert witness fees and costs);

C.      Entry of judgment in favor of Plaintiff on all claims asserted herein;

D.      An award of Plaintiff's reasonable attorneys' fees and costs (including expert witness fees and costs) to the fullest extent permitted by law;

E.      Pre-judgment and post-judgment interest to the fullest extent permitted by law; and

F.      Such other and further relief as the Court deems just and proper.


Dated: March 27, 2026

*/s/ Charles T. Kimmett*
Charles T. Kimmett
Walter E. Anderson
**HWG LLP**
1919 M Street NW, Eighth Floor
Washington, DC 20036-3537
(202)730-1357
ckimmett@hwglaw.com
wanderson@hwglaw.com

*Attorneys for Plaintiff Aegis Law Group LLP*